deadly weapon, per se, resulting in serious bodily injury. It would be a strange doctrine, indeed, to say that one shooting at another at close range with a .38 caliber pistol did not, as a matter of law, intend to kill. This we are unwilling to hold. The facts abundantly support the jury's conclusion of guilt. Honey v. State, 132 Tex.Cr.R. 98, 102 S.W.2d 224; Rios v. State, 147 Tex.Cr.R. 326, 180 S.W.2d 439.

Several bills of exception appear in the transcript; notwithstanding appellant did not discuss these in his brief, we have examined them and fail to find that reversible error is reflected therein. These bills are overruled without discussion.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

GRAVES, Presiding Judge.

The conviction is for selling intoxicating liquor in a dry area in violation of law. The punishment assessed is a fine of $500 and confinement in the county jail for 30 days.

The transcript in this case contains neither a judgment nor a sentence, both of which must appear in the record in order to confer jurisdiction on this court. See Aguillar v. State, 153 Tex.Cr.R. 509, 221 S.W.2d 242, and cases there cited.

For the reason stated, the appeal is dismissed.

## DAVIS v. STATE.
### No. 25570.

Court of Criminal Appeals of Texas.

Dec. 12, 1951.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., Austin, for the State.